CHARLES F. DURANT *v.* DAVID A. WILLIAMSON and others.

An injunction was applied for restraining the defendants from continuing the working of steam engines in a factory near the dwelling house of the complainant and other buildings owned by him and occupied by his tenants, on the grounds that the steam engines, when in operation, shook and injured the said buildings, and that the business carried on in the said factory was a nuisance to the neighborhood. It appeared, by affidavits read in opposition to the motion for an injunction, that the complainant had brought an action at law against the defendants for the same alleged injury, and that the jury had found a verdict for the defendants. The injunction was denied.

The bill states that the complainant, Charles F. Durant, is seized in fee and possessed of lots 33, 34 and 35 on Hudson street, in Jersey City ; and has been so seized and possessed from March 3, 1834. That, in the latter part of the fall of 1846 and the winter and spring of 1847, he built on said lots 34 and 35 two three-story brick dwelling houses ; that they were completed about the 1st May, 1847, and were built in the best manner, upon foundations of stone ; pains having been taken by the builder to procure firm foundations therefor ; and that the said buildings are in every respect completely built and finished. That the building on said lot numbered 35 is contiguous to and adjoins the building on lot 36 on Hudson street ; and that the said two buildings of the complainant and the buildings numbered 36, 37 and 38 in Hudson street have one continued front wall on the street ; the said buildings numbered 36, 37 and 38 having been built prior to the time when the complainant built his said two buildings numbered 34 and 35, the said buildings being built partly on the site of another building which had theretofore stood on lot 34, and which was burned down in the early part of 1846. That the said building which was burned down was one of four brick buildings which were built together at the same time and with one continuous front wall, about 42 years ago, on said lots 34, 35, 36 and 37 on Hudson street, and were put up and used for commercial purposes. That the said lot 33, being

on the corner of Hudson and Sussex streets, is in part a vacant lot, and has been and is used by the complainant as a court yard and entrance to the building wherein the complainant resides and for 14 years past has resided, and which last mentioned building is situated on the rear of the said lots of the complainant, and has been built for the period of about 30 years. That he caused the said buildings so built by him on lots 34 and 35 to be built and finished in the best manner, intending to rent them to gentlemen, the situation being peculiarly pleasant, and, as he believes, the best in the vicinity, and the neighborhood well built up with private residences, many of which are of the best class, and that part of the city being densely populated. That after the said two houses were so built by the complainant, and in or about Nov. 1848, David A. Williamson, Edward H. Mann and Charles T. Griffith, doing business under the name and firm of Williamson, Mann & Co., entered into the occupation of the building numbered 37 in Hudson street, and have ever since remained in possession thereof, and still occupy the same, ostensibly as a coffee and spice mill, but in reality as a place for the drying and grinding of drugs of the most nauseous character, as well as for burning and grinding of peas, coffee and spices.

That at or shortly before the commencement of such occupancy of said building 37 by said Williamson, Mann & Co., and after the complainant built his said two dwelling houses, it was raised to five stories, it having been, up to that time, three stories. And the said Williamson, Mann & Griffith, upon such occupancy thereof by them, put into the said building certain machinery, consisting of six run of grindstones, distributed throughout said building, and which were driven by a steam engine placed by them in a building situated immediately in the rear of said building so occupied by them.

That ever since their said occupancy of said building they have caused, and still do cause to be run the said machinery, or some part thereof, in the said building so occupied by them; and that the operation of the said machinery continually shakes and jars the said two houses of the complainant on lots 34 and 35. That said jarring and shaking is so great that it constitutes a great, and to many persons an insuperable objection to the occupancy

of said houses; the said machinery being run, with more or less severity, every day except Sunday, from about 7 A. M. to 6 or 7 P. M., with but little if any intermission; and, when in operation, causing the doors and windows of the complainant's said houses to rattle continually; and causing loose articles of furniture, fenders, mantel ornaments, cups and saucers on a table to rattle and keep constantly in motion; the motion of the said houses caused by the operation of the said machinery of the defendants being so great as to be perfectly perceptible to a person seated on a chair placed on the floor thereof, and rendering the said houses far less desirable as places of residence than they would otherwise be; insomuch that some of those who have occupied the complainant's said houses, and other disinterested and judicious persons acquainted with the effect of said machinery on the complainant's said two houses and with the nuisance of stenches occasioned there by the business carried on by the said defendants in said building occupied by them and hereinafter mentioned, have publicly declared that they would not reside in the complainant's said houses rent free, and that their objection is founded solely on the fact of the said jarring and shaking and the said other nuisance of said stenches.

That the defendants have, also, ever since their occupancy of said factory, carried on, and still carry on, in said building occupied by them, a business (being, as the complainant verily believes, the grinding of nauseous drugs,) which has caused and still does cause stenches of the most disgusting and nauseating character to pervade, for a great part of the time, the said two dwelling houses of the complainant and also the said dwelling house of the complainant occupied by him and his family. And that the complainant believes and charges, that a considerable portion of the business carried on by said Williamson, Mann & Griffith in the said building occupied by them is the drying and grinding of drugs, many of which are of the most offensive and disagreeable character.

That, by reason of the said shaking and jarring and the said disgusting, nauseous and noxious stenches, the tenants of the complainant occupying the said houses numbered 34 and 35 have been and are, both in sickness and health, exceedingly offended

and annoyed; and the complainant and his family, in his said dwelling house occupied by them, have been and are greatly annoyed, disturbed and offended by the said foul, noxious and noisome stenches.

That, by reason of the said jarrings and shakings of the complainant's said two buildings numbered 34 and 35, the said buildings have been and are, as the complainant verily believes, greatly injured; and the complainant hath thereby sustained and still doth sustain very considerable damage in not being able, on account thereof and of the other nuisance of said stenches, to get as much money for the renting thereof as otherwise he would have done, and also in the deterioration of the said buildings by the jarring and shaking the walls thereof as aforesaid.

The bill prays an injunction restraining the defendants from running their said machinery in the building occupied by them in such manner as in anywise to jar or shake or otherwise interfere with the complainant's said dwelling houses or either of them, and from causing, permitting or suffering any foul, noxious, nauseous, disgusting, noisome or hurtful smells, odors or stenches to arise from said building and premises occupied by the defendants and pervade the complainant's said dwelling houses and the atmosphere in and about the same.

This bill being presented, and a preliminary injunction asked, the court ordered notice of the application to be given to the defendants.

At a subsequent day the parties appeared, and, the bill being again read, affidavits were read on the part of the defendants in opposition to the motion for a preliminary injunction.

The affidavit of Williamson and Griffith, two of the defendants, states, that the building occupied by Williamson, Mann & Grffith is one of four stores which, they are informed by old residents of Jersey City, were built about 1806, and were first occupied for commercial purposes, and that for some 20 years last past they have been used for manufacturing purposes; that the building occupied by the defendants was used at one time as a

ship bread bakery; that it was afterwards used as a foundry and blast furnace and turning mill which was driven by a steam engine.

That the dwelling houses of complainant on Hudson street are erected on the site of one of the stores built in 1806; that it was burned down some two years ago; that when it was burned and before, it being then owned by complainant, an oakum factory was carried on there, driven by steam power.

They say that the store No. 36 Hudson street, the store next south of the one occupied by them, and between them and the complainant's dwelling houses on Hudson street, is occupied by Mr. Deen as a tobacco factory driven by horse power. That they have been informed by Deen and others that it has been so occupied as a tobacco factory for 12 or 13 years last past. They say there is an extensive oil manufactory on the next block below on Hudson street and opposite the complainant's house; that it produces a very disagreeable smell in the neighborhood; that they frequently use rancid oil in that factory. That they are informed and believe that said oil factory has been located there for 17 years past; and that there was a patent leather factory in Sussex street opposite the complainant's house which was burned down some time since.

They further say that there is a large soap factory in York street, about half way up the block from Hudson street, and that this factory produces a very disagreeable smell.

That they formerly carried on their factory at No. 67 and 69 Washington-street, New-York. That the reason of their removing their factory to Jersey City was their being burnt out in June, 1847. That they leased of Mr. Coles the building they now occupy, and he commenced fitting it up for their accommodation in June, 1847. That they expended in fitting up this factory, in machinery and other fixtures and apparatus, upwards of $10,000, in addition to the expense incurred by Mr. Coles in putting the building in order for them. That they carry on an extensive business, and employ constantly some twenty or thirty men. That it would be a great and irreparable injury to them to suspend their factory. That they would not stop for $100 a day.

They deny that there are any noisome stenches or smells produced by their manufactory, or any disgusting or nauseous smells, or any noxious or foul smells produced by their said factory, that can in any way injure or annoy the complainant and those occupying his dwelling houses. And, to the best of their knowledge, they deny that they have injured the houses of the complainant by shaking or jarring the same. That the complainant's houses are built on reclaimed land ; and if the walls are cracked it is owing to the nature of the ground on which the foundation is laid. That the fronts of the said houses adjoining the defendant's factory are covered with stucco plastering, that they have examined this plastering, and cannot perceive that it is at all cracked. That they have been informed by competent judges and believe that the complainant's houses adjoining their manufactory are cheap, slightly built houses ; that they are lightly timbered, and are shaken by carriages and carts passing over the pavements in front. They say that the house in which the complainant and his family reside is situated on Sussex-street, at some distance from their factory, and cannot possibly be affected by the machinery in their factory.

That that part of Hudson street in which their factory is located is used and occupied for the most part by manufactories, shops, stores, lumber yards, coal yards and the like purposes, and is an appropriate place for their business to be carried on. That the complainant's houses in Hudson-street were built on the site of a store house and manufactory ; that he well knew that he was building his said dwelling houses in a locality devoted to commercial and manufacturing purposes. That Hudson-street is the main business street in Jersey City : that it is the front street on the river. That the two houses of the complainant are the only houses fronting on Hudson-street, between Grand-street and the corner of Hudson and Morris-street, except one on the corner of Sussex-street.

That they verily believe the complainant has not lost any rent in consequence of their manufactory. That one of complainant's houses on Hudson-street has been constantly occupied by the same person, and, as they are informed and believe, at the same rent, and that both of complainant's houses are rented.

That the complainant, after an unsuccessful attempt and application to the grand jury of Hudson county, to have the defendants indicted, in May, 1848, commenced an action at law for the same alleged injuries set out in his bill in this cause, as will appear by his declaration filed in that suit, a copy of which is annexed to their affidavit. That the said cause came on for trial at the November term of the Hudson Circuit Court, before the chief justice ; and that the jury, upon the same case as that set out in the complainant's bill, (as will appear by the state of the case settled before the chief justice and signed by the attorneys of the parties, to be used on the argument of a motion for a new trial, a true copy of which is annexed to their affiadavit,) found that the complainant was not entitled to any damages, he not having sustained any injury from the defendants said factory.

They further say that the complainant has commenced another action against them, laying his damages at $5000, the writ in which action was returnable to the February term, 1849, of the Hudson Circuit Court. That the defendant Mann is absent in Europe.

The affidavits of a number of other persons residing in the neighborhood were procured, going to show that no bad smell proceeded from the factory of the defendants ; and that there was no jarring of buildings in the vicinity.

The defendants also put in a plea that the alleged wrongful acts set forth in the bill have been tried by a jury in an action of trespass on the case brought by Durant against Williamson ; and that the jury found a verdict of not guilty.

A motion for a new trial in that case is still pending.

*Runyon* and *G. A. Vroom,* in support of the motion for injunction. They cited *Story's Eq. Jur. sec.* 95 ; *Jeremy's Eq.* 309 ; 2 *Story's Eq. Jur. sec.* 925, 6 ; 3 *Daniels Pr.* 322 ; 9 *Paige,* 575 ; 2 *Car. and Paine,* 485 ; 1 *Burr.* 337 ; 2 *Selw, N. P.* 1105 ; 4 *Bingh. New Cases* 1016 ; 5 *Scott,* 500 ; 2 *Ib.* 174.

*W. Rutherford* contra. He cited 1 *Smith's Ch. Pr.* 240 ; 13 *Ves.* 167 ; 3 *P. Wms.* 395 ; 2 *Atk.* 113 ; 17 *John. Rep.* 93 ;

100; 1 *Green's Ch.* 57; 3 *Ib.* 245; 3 *John. Ch.* 287; 3 *Green's Ch.* 234, 236, 355; *Metcalf* 118; *Eden on Ing.* 236, 327; 6. *John. Ch.* 19; *People v. Cunningham*, 1 *Denio*; 1 *Halst. Ch.* 324; 9 *Paige*, 504; 19 *Ves.* 350; 1 *Honk.* 599; *Drury on Ing.* 246.

THE CHANCELLOR.   In the present state of the proceedings at law I am unwilling to grant a preliminary injunction.

Without reference to the proceedings at law I should doubt whether a preliminary injunction should be allowed.   It is a case for proofs on both sides, the remedy sought is perpetual injunction.

Motion denied.